IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WINNEMEM WINTU TRIBE, in their
Tribal and Individual Capacities;
CALEEN SISK FRANCO, et al.,

        Plaintiffs,                  NO. 2:09-CV-1072 KJM KJN

    v.

UNITED STATES FOREST SERVICE,           ORDER

        Defendant.
_____/

        Plaintiffs are members of a non-federally recognized Indian tribe in the McCloud River Valley in Shasta County, California who allege that defendant United States Forest Service (USFS) did not meet its obligation to protect significant historical and cultural sites as required by the Archeological Resource Protection Act (ARPA), 16 U.S.C. §§ 470aa, *et seq.*, the Native American Graves Protection and Repatriation Act (NAGPRA), 25 U.S.C. §§ 3001, *et seq.*, and the National Historic Preservation Act (NHPA), 16 U.S.C. §§ 470, *et seq.*  (ECF 85.)  USFS moves to strike the Sixth Cause of Action from plaintiff's third amended complaint.  (ECF 88.)  For the reasons explained below, USFS's motion is DENIED as untimely.  On its own motion, however, in light of the limits articulated in its prior order granting leave to amend, the court strikes plaintiffs' NAGPRA claim as to the Antler's Bridge site.

1

I.        BACKGROUND

Plaintiffs filed their original complaint against several federal agencies and individual defendants on April 19, 2009.  (ECF 1.)  On September 15, 2009, the court granted in part and denied in part defendants' motion to dismiss, granting plaintiffs leave to amend several of their claims.  (ECF 24.)  Plaintiffs filed their First Amended Complaint (FAC) on October 14, 2009.  (ECF 30.)  Defendants filed a motion to dismiss on December 11, 2009.  (ECF 33.)  The court issued an order on July 16, 2010, granting defendants' motion in part and denying defendants' motion in part, allowing plaintiffs leave to amend the majority of claims.  (ECF 51.)

On August 20, 2010, plaintiffs filed a Second Amended Complaint (SAC), which defendants moved to dismiss on October 1, 2010.  (ECF 54, 55.)  On July 27, 2012, the court granted the motion to dismiss in part and denied it in part.  (ECF 82.)  The court dismissed plaintiffs' claims that defendants violated ARPA by allegedly failing to prevent harm to archaeological resources at numerous sites.  (ECF 82 at 21.)   ARPA requires a permit for any "activity . . . undertaken for the purpose of furthering archaeological knowledge in the public interest."  16 U.S.C. § 470cc(b)(2).  However, "[n]o ARPA permit is required to conduct activities on public lands when those activities are entirely for purposes other than the excavation or removal of archaeological resources." *San Carlos Apache Tribe v. United States*, 272 F. Supp. 2d 860, 888 (D. Ariz. 2003); *Attakai v. United States*, 746 F. Supp. 1395, 1410–11 (D. Ariz. 1990) (dismissing ARPA claims where no purposeful activities aimed at archaeological resources were alleged).  In dismissing these claims, the court reasoned that plaintiffs had not alleged intentional disturbance of archaeological resources at the sites that would have required defendants to comply with ARPA.  (ECF 82 at 20.)

The court granted plaintiffs leave to amend, but only as to the claim that USFS violated ARPA through activities at the Antler's Bridge site, the former location of a large village and burial sites, where USFS and other agencies conducted a bridge realignment project in 2010.  (ECF 82 at 9, 20-21.)  Although plaintiffs' claim did not allege that USFS's activities at

2

1    Antler's Bridge were in conjunction with archaeological activities, the court granted leave to

2    amend because the allegations "appear[ed] to come close to stating a claim under ARPA" and

3    "the SAC [was] the first opportunity plaintiffs [] had to allege this claim." (ECF 82 at 20-21.)

4    The court did not grant plaintiffs leave to amend any other claims that were dismissed in the

5    order of July 27, 2012, including claims under the NHPA concerning Antler's Bridge.  (*Id.* at

6    27.)

7            Plaintiffs filed a third amended complaint against the sole remaining defendant,

8    USFS, on September 4, 2012 (ECF 85.)  Section F of this complaint is designated "Sixth Claim

9    for Relief: Violation of ARPA, NAGPRA and the [Administrative Procedures Act] (Interference

10   with and Failure to Protect Archaeological Resources at the Antler's Bridge Site)."  (ECF 85

11   ¶¶ 68-75.)  This section contains allegations that USFS violated NAGPRA as well as ARPA.

12   (*Id.*)

13   II.    MOTION TO STRIKE

14           On November 5, 2012, USFS both answered the third amended complaint and

15   filed a motion to strike plaintiffs' claims as to the Antler's Bridge site.  (ECF 88, 89.)  USFS

16   argues that the allegations in plaintiffs' Sixth Claim for Relief exceed the scope of the court's

17   July 27 order granting leave to amend because plaintiffs assert a new claim under NAGPRA

18   rather than addressing the deficiencies of its original ARPA claim.  USFS argues that plaintiffs

19   should have sought leave to amend the complaint under Federal Rule of Civil Procedure 15(a)

20   before altering the complaint in this way.  (ECF 88 at 3-5.)

21       A.    Standard

22       Federal Rule of Civil Procedure 12(f) provides that:

23       The court may strike from a pleading an insufficient defense or any redundant,
         immaterial, impertinent or scandalous matter.  The court may act:
24       (1) on its own; or
         (2) on motion made by a party either before responding to the pleading or, if a
25       response is not allowed, within 21 days after being served with the pleading.

26   FED. R. CIV. P. 12(f).   "Redundant matter is defined as allegations that 'constitute a needless

3

repetition of other averments or are foreign to the issue.'" *Taheny v. Wells Fargo Bank, N.A.,* No. CIV. S-10-2123 LKK/EFB, 2011 WL 1466944, at *2 (E.D. Cal. Apr. 18, 2011) (quoting *Thornton v. Solutionone Cleaning Concepts, Inc.,* No. CIV F 06-1455 AWI SMS, 2007 WL 210586, at *1 (E.D. Cal. Jan. 26, 2007); other citation omitted). "'Immaterial matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded[,] [and] [i]mpertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question.'" *Fantasy, Inc. v. Fogerty,* 984 F.2d 1524, 1527 (9th Cir. 1993) (quoting 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1382, at 706–07, 711 (1990)), *rev'd on other grounds by* 510 U.S. 517 (2004).

A 12(f) motion to strike serves "to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial . . . ." *Sidney–Vinstein v. A.H. Robins Co.,* 697 F.2d 880, 885 (9th Cir. 1983). The granting of a motion to strike "may be proper if it will make trial less complicated or eliminate serious risks of prejudice to the moving party, delay, or confusion of the issues." *Taheny,* 2011 WL 1466944, at *2 (citing *Fantasy,* 984 F.2d at 1527–28). However, "[m]otions to strike are disfavored and infrequently granted." *Neveu v. City of Fresno,* 392 F. Supp. 2d 1159, 1170 (E.D. Cal. 2005) (citations omitted). Indeed, a motion to strike "'should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation.'" *Id.* (quoting *Colaprico v. Sun Microsystems, Inc.,* 758 F. Supp. 1335, 1339 (N.D. Cal. 1991)); *see also Wynes v. Kaiser Permanente Hosps.,* 2011 WL 1302916, at *12 (E.D. Cal. Mar. 31, 2011) (noting "courts often require a showing of prejudice by the moving party"). In ruling on a motion to strike, a "court[ ] may not resolve disputed and substantial factual or legal issues . . . ." *Whittlestone, Inc. v. Handi–Craft Co.,* 618 F.3d 970, 973 (9th Cir. 2010) (internal quotation omitted).

/////

/////

B.      Application

1.      Untimeliness of Motion

As a threshold issue, plaintiffs assert that the court must deny USFS's motion to strike because it is untimely, as USFS filed the motion at the same time as its answer to the third amended complaint, rather than "before responding to the pleading" as Rule 12(f) requires. (ECF 91 at 3-4.)  USFS responds that the timing requirement does not apply to its motion because its answer to the third amended complaint does not reference the NAGPRA claim. (ECF 93 at 2.)  USFS provides no authority showing that the content of the responsive pleading can discharge Rule 12(f)'s timing requirement.

Although neither party cites it, there is some authority that could be read to allow the court to strike the Sixth Cause of Action in the third amended complaint, but also authority indicating the opposite.  In a Ninth Circuit case, the district court had struck two counts of plaintiffs' amended complaint under Rule 12(f).  *Culinary and Serv. Employees Union, AFL-CIO Local 555 v. Haw. Employee Benefit Admin.*, 688 F.2d 1228, 1230, 1232 (9th Cir. 1982).  The district court "purportedly" acted in its own discretion, as allowed by Rule 12(f)(1), but only struck the claims after the defendants filed a motion to strike, which was untimely because defendants filed it after their answer.  *Id.* at 1232.  The Ninth Circuit determined that the district court acted in error because "the district court has authority under Rule 12(f) to strike a pleading, in whole or in part, only if a motion is made before the moving party has filed a responsive pleading, unless the court strikes the pleading on its own initiative or no responsive pleading is permitted."  *Id.*  Here, if the court were to strike plaintiff's Sixth Cause of Action in response only to USFS's untimely motion, and not as an exercise of its own discretion, this case would be analogous to the circumstances disapproved of in *Culinary*.  However, *Culinary* does not appear to involve the district court's striking portions of a complaint that ran afoul of the court's previous order, as is the case here.  Thus, this case is distinguishable from *Culinary*.

/////

1      It is the case that some "courts have read Rule 12(f) to allow a district court to

2  consider a motion to strike at any point in a case, reasoning that it is considering the issue of its

3  own accord despite the fact that its attention was prompted by an untimely filed motion."

4  *Williams v. Jader Fuel Co., Inc.,* 944 F.2d 1388, 1399 (7th Cir. 1991).  This includes other

5  district courts in this circuit, issuing decisions after *Culinary* was decided.  In *In re Mission Bay*

6  *Jet Sports*, the Southern District of California considered an untimely motion to strike despite the

7  holding in *Culinary*, "consistent with Rule 1's mandate to construe the Federal Rules of Civil

8  Procedure to achieve a just, speedy, and efficient resolution of the action."  No. 08CV0146 JM

9  CAB, 2010 WL 144441, at *3 (S.D. Cal. Jan. 11, 2010); *see also Champlaie v. BAC Home*

10  *Loans Servicing, LP*, 706 F. Supp. 2d 1029, 1039 (E.D. Cal. 2009) ("[T]he court may consider

11  and grant an untimely motion to strike where it is proper to do so").  *But see Willson v. Cagle*,

12  711 F. Supp. 1521, 1535 (N.D. Cal. 1988) (noting that untimeliness of motion to strike was

13  reason not to consider it).  Several other district courts outside the Ninth Circuit have held that a

14  motion to strike is timely if it is filed simultaneously with a responsive pleading.  *See, e.g.,*

15  *Nkemakolam v. St. John's Military Sch.*, 876 F. Supp. 2d 1240, 1246 (D. Kan. 2012); *Xerox*

16  *Corp. v. ImaTek, Inc.*, 220 F.R.D. 244, 245 (D. Md. 2004).

17      On balance, this court reads *Culinary* as binding to the extent it requires a motion

18  to strike to precede the filing of a responsive pleading to be timely.  USFS's motion is denied for

19  this reason.

20          2.      Court's Exercise of Its Own Discretion

21      The court is not barred, however, from considering whether it is proper to strike

22  material from the Third Amended Complaint on its own motion under Rule 12(f)(1).  The court's

23  previous order did provide that plaintiffs could amend their complaint to state a claim under

24  ARPA regarding the Antler's Bridge claim.  As noted, the Third Amended Complaint also

25  contains a claim under NAGPRA, an entirely different statute.  (ECF 88 at 3.)  Plaintiffs respond

26  that this new cause of action does not exceed the scope of the court's leave to amend because

they followed the court's instructions to "tether[] their Antler's Bridge allegations to a legal basis for relief." (ECF 91 at 6.)  This argument is unavailing in light of the court's express language granting leave to amend "with respect to the ARPA claim as to Antler's Bridge." (ECF 82 at 21.)  Moreover, the court denied leave to amend plaintiffs' NHPA claim as to Antler's Bridge, which should have alerted plaintiffs that the court's leave to amend the ARPA claim was not an invitation to allege any other cause of action arising from the Antler's Bridge site.  The court will strike references to NAGPRA from plaintiffs' Sixth Cause of Action. *See PB Farradyne, Inc. v. Peterson*, No. C 05-3447 SI, 2006 WL 2578273, at *3 (N.D. Cal. Sept. 6, 2006) (striking allegations in amended complaint that were outside the scope of the court's grant of leave to amend).

III.    CONCLUSION

        1.    USFS's motion to strike under Rule 12(f)(2) is denied as untimely.

        2.    The court on its own motion strikes plaintiffs' NAGPRA claim from its Sixth Cause of Action in the Third Amended Complaint.

        IT IS SO ORDERED.

DATED:  March 29, 2013.

_____
UNITED STATES DISTRICT JUDGE