UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALEEN FRANCO, et al., | No. 2:09-cv-01072-KJM-KJN |
| Plaintiff, | |
| v. | STATUS (PRETRIAL SCHEDULING) |
| UNITED STATES DEPARTMENT OF THE INTERIOR, et al., | ORDER |
| Defendants, | |

An initial scheduling conference was held in this case on October 2, 2014. Courtney Bateman appeared for plaintiff; Lynn Ernce appeared for defendant.

Having reviewed the parties' Joint Status Report filed on September 25, 2014 and discussed a schedule for the case with counsel at the hearing, the court makes the following orders:

I.      SERVICE OF PROCESS

All named defendants have been served and no further service is permitted without leave of court, good cause having been shown.

/////

/////

1

## II. ADDITIONAL PARTIES/AMENDMENTS/PLEADINGS

Plaintiffs must file any amendments to their pleading **within 30 days** of this Order. Defendants will oppose any efforts to further amend the complaint. No further joinder of parties is permitted without leave of court, good cause having been shown. *See* Fed. R. Civ. P. 16(b); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604 (9th Cir. 1992).

## III. JURISDICTION/VENUE

Plaintiffs claim jurisdiction is predicated upon 28 U.S.C. § 1331, 28 U.S.C. § 1361, 28 U.S.C. §1362, 16 U.S.C. §§ 470cc, 42 U.S.C. § 4321, 16 U.S.C. §§ 470 et seq., 5 U.S.C. §§ 702, 706. Defendant disagrees that jurisdiction attaches based on all these statutes. Venue is undisputed and predicated upon 28 U.S.C. § 1402(b).

## IV. DISCOVERY

Parties agree there will be no discovery as this is an action governed by Administrative Procedures Act (APA). The United States Forest Service filed the Supplemental Administrative Record on September 30, 2014.

## V. MOTION HEARING SCHEDULE

All dispositive motions, except motions for continuances, temporary restraining orders or other emergency applications, shall be <u>heard no later than</u> **March 27, 2015.**[1] The parties may obtain available hearing dates by checking Judge Mueller's page on the court's website. Because this is an APA action, this case will be resolved through summary judgment motions. The court sets the following briefing schedule:

    Forest Service's motion: **December 19, 2014**

    Plaintiffs' consolidated opposition/cross-motion: **January 30, 2015**

    Forest Service's consolidated reply/opposition: **February 20, 2015**

    Plaintiffs' reply: **March 13, 2015**

    Hearing: **March 27, 2015**, 2:00 p.m.

/////

/////

---

[1] Note that this date may not correspond to a law and motion calendar date.

2

All purely legal issues are to be resolved by timely pretrial motions. Local Rule 230 governs the calendaring and procedures of civil motions; the following provisions also apply:

  (a)  The opposition and reply must be filed by 4:00 p.m. on the day due; and

  (b)  When the last day for filing an opposition brief falls on a legal holiday, the opposition brief shall be filed on the last court day immediately preceding the legal holiday. Failure to comply with Local Rule 230(c), as modified by this order, may be deemed consent to the motion and the court may dispose of the motion summarily. *Brydges v. Lewis*, 18 F.3d 651, 652-53 (9th Cir. 1994).

The court places a page limit of twenty (20) pages on all moving papers, twenty (20) pages on oppositions, and ten (10) pages for replies. All requests for page limit increases must be made through the courtroom deputy clerk at least fourteen (14) days prior to the filing of the motion.

Prior to filing a motion in a case in which the parties are represented by counsel, counsel shall engage in a pre-filing meet and confer to discuss thoroughly the substance of the contemplated motion and any potential resolution. Plaintiff's counsel should carefully evaluate the defendant's contentions as to deficiencies in the complaint and in many instances the party considering a motion should agree to any amendment that would cure a curable defect. Counsel should discuss the issues sufficiently so that if a motion of any kind is filed, including for summary judgment, the briefing is directed only to those substantive issues requiring resolution by the court. Counsel should resolve minor procedural or other non-substantive matters during the meet and confer. **A notice of motion shall contain a certification by counsel filing the motion that meet and confer efforts have been exhausted, with a brief summary of meet and confer efforts.**

The parties are reminded that a motion *in limine* is a pretrial procedural device designed to address the admissibility of evidence. The court looks with disfavor upon dispositional motions presented at the Final Pretrial Conference or at trial in the guise of motions *in limine*. Although all motions *in limine* must be filed in conjunction with the joint pretrial

/////

statement, the court will hear only those motions it has identified to counsel before the hearing date.

<u>The parties are cautioned that failure to raise a dispositive legal issue that could have been tendered to the court by proper pretrial motion prior to the dispositive motion cut-off date may constitute waiver of such issue</u>.

## VI.     SEALING

No document will be sealed, nor shall a redacted document be filed, without the prior approval of the court.  If a document for which sealing or redaction is sought relates to the record on a motion to be decided by Judge Mueller, the request to seal or redact should be directed to her and not the assigned Magistrate Judge.  All requests to seal or redact shall be governed by Local Rules 141 (sealing) and 140 (redaction); protective orders covering the discovery phase of litigation shall not govern the filing of sealed or redacted documents on the public docket.  The court will only consider requests to seal or redact filed by the proponent of sealing or redaction.  If a party plans to make a filing that includes material an opposing party has identified as confidential and potentially subject to sealing, the filing party shall provide the opposing party with sufficient notice in advance of filing to allow for the seeking of an order of sealing or redaction from the court.

## VII.    SETTLEMENT CONFERENCE

No settlement conference is currently scheduled.  A settlement conference may be set at the time of the Final Pretrial Conference or at an earlier time at the parties' request.  In the event that an earlier settlement conference date or referral to the Voluntary Dispute Resolution Program (VDRP) is requested, the parties shall file said request jointly, in writing.  Because the case will be tried to a jury, all parties should be prepared to advise the court whether they will stipulate to the trial judge acting as settlement judge and waive disqualification by virtue thereof.

Counsel are instructed to have a principal with full settlement authority present at any Settlement Conference or to be fully authorized to settle the matter on any terms.  Each judge has different requirements for the submission of settlement conference statements; the appropriate instructions will be sent to you after the settlement judge is assigned.

VIII.   MODIFICATION OF STATUS (PRETRIAL SCHEDULING) ORDER

The parties are reminded that pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, the Status (Pretrial Scheduling) Order shall not be modified except by leave of court upon a showing of good cause.  Agreement by the parties pursuant to stipulation alone does not constitute good cause.  Except in extraordinary circumstances, unavailability of witnesses or counsel does not constitute good cause.

IX.   OBJECTIONS TO STATUS (PRETRIAL SCHEDULING) ORDER

This Status Order will become final without further order of the court unless objections are filed within fourteen (14) *calendar* days of service of this Order.

IT IS SO ORDERED.

DATED: October 14, 2014.

UNITED STATES DISTRICT JUDGE