UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WINNEMEM WINTU TRIBE, in their tribal and individual capacities, et al., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES FOREST SERVICE, <br><br> Defendant. | No.  2:09-cv-01072-KJM-KJN <br><br><br> ORDER |

    On March 31, 2016, this court found Defendant had not satisfied the requirements of the NHPA and, in relevant part, granted Plaintiffs' motion for summary judgment on Claim Three, the Coonrod cultural site.  Mar. 31, 2016 Order 21:12–23:16, ECF No. 147.  Underpinning the court's decision was its determination that the Winnemen Wintu Tribe (WWT) is a "consulting party as defined under 36 C.F.R. § 800.2[.]" *Id.*  At the end of its order, the court set a briefing schedule for parties to address the issue of remedies for Claim Three. *Id.* at 29:1–3.

    On May 6, 2016, Plaintiffs filed a supplemental brief in support of remedies for the Coonrod cultural site.  ECF No. 149.  Defendant filed a concurrent supplemental brief addressing the issue of remedies.  ECF No. 150.  In addition to addressing the issue of remedies, Defendant makes the following argument in its supplemental briefing:

1

> The Court erred in finding that [P]laintiffs were entitled to consulting party status under sections 800.2(c)(5) and 800.2(d) . . . . Because plaintiffs did not have consulting party status under section 800.2(c)(5), the Forest Service was not required to consult with them . . . . Therefore, the Court is not authorized by § 706(1) of the APA to compel the Forest Service to grant that status to plaintiffs, or to consult with plaintiffs about the Bartle Allotment grazing permit[.]

Def.'s Br. 5:1-2, 6:21-27, ECF No. 150.

On June 17, 2016, Plaintiffs filed a reply brief in which they argued that "[Defendant] spends a large part of its supplemental brief arguing that the court should revisit its decision affording the WWT consulting party status. *Yet this is not a motion for reconsideration.*" Def.'s Reply Br. 13:11-13, ECF No. 155 (emphasis in original).  On the same date, Defendant also filed a reply brief.  ECF No. 156.

The parties are hereby ORDERED TO SHOW CAUSE why the court should not construe Defendant's supplemental brief on the issue of remedies as a motion for reconsideration, and set a schedule for Plaintiffs' substantive response to the motion so construed.

DATED:  August 16, 2016

_____
UNITED STATES DISTRICT JUDGE