1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   WINNEMEN WINTU TRIBE, et al.,              No.  2:09-cv-01072-KJM-KJN

12                  Plaintiffs,

13          v.                                  ORDER

14   UNITED STATES FOREST SERVICE,

15                  Defendant.

16

17

18              This order concerns only the court's prior decision to grant plaintiffs' cross-motion

19   for summary judgment regarding the Coonrod Cultural Site.  *See* ECF No. 147.  Construing a

20   portion of defendant's filing as a motion to reconsider, ECF Nos. 150, 158, and for the reasons

21   stated below, the court RECONSIDERS the question and now VACATES its prior decision and

22   GRANTS defendant's motion for summary judgment regarding this claim.  The court's decisions

23   on the parties' other claims remain unchanged by this order.

24   I.     BACKGROUND

25              The Winnemen Wintu Tribe (the Tribe) is not a federally recognized Indian tribe,

26   AR 469; 79 Fed. Reg. 4748-02 (Jan. 29, 2014), but it has a longstanding relationship with the

27   United States Forest Service ("USFS") concerning permits and project planning, *see, e.g.*, AR 56,

28   818, 920.  As of 2007, the Coonrod Historical Site is a National Historic Place under the National

1

1   Historic Preservation Act ("NHPA"), 54 U.S.C. §§ 300101 *et seq.*[1]  AR 336, 337, 930-944.

2   Members of the Tribe view the Coonrod site as a ceremonial area, AR 934, and have held

3   ceremonies there annually since the 1970s, AR 904, 922, 934.  In 2003 the USFS issued a

4   livestock and cattle grazing permit to an individual named Wesley Truax, who is not a party to

5   this action.  AR 908–916.  At about the same time, the Tribe sent a letter to the USFS

6   complaining about "desecration" to the Coonrod site by non-tribe members.  AR 904.

7            Plaintiffs commenced this lawsuit against the USFS on April 19, 2009, ECF No. 1,

8   and in their fourth amended complaint, the operative complaint in this case, they advance six

9   separate claims for relief, each claim involving alleged damages to a different cultural site.  ECF

10  No. 121.  Plaintiffs' third claim for relief alleges the USFS violated the NHPA and the

11  Administrative Procedure Act ("APA") by granting the permits that allowed cattle to graze on the

12  Coonrod site without properly consulting the Tribe, as required by regulations promulgated under

13  the NHPA.  *Id.* ¶¶ 62–66.  The USFS filed a motion for summary judgment, Def.'s Mot. for

14  Summ. J. ("Def.'s MSJ"), ECF No. 131, and plaintiffs filed an opposition and cross-motion for

15  summary judgment, Pls.' Cross-Mot. for Summ. J. ("Pls.' MSJ"), ECF No. 133.  The court

16  granted summary judgment in favor of defendant on all claims except claim three, regarding the

17  Coonrod Cultural Site, which the court decided in favor of plaintiffs.  *See* Order at 21–23, ECF

18  No. 147.  In its order, the court found the Tribe was a "consulting party" as defined by the

19  regulations promulgated under the NHPA, and the USFS violated the NHPA and APA by not first

20  consulting with plaintiffs before issuing cattle grazing permits to a third party for the Coonrod

21  site.  *Id.*  In its order, the court ordered briefing on the issue of the appropriate remedy for the

22  Coonrod site.  *Id.* at 27–28.

23           Both parties submitted briefs on the appropriate remedy for the Coonrod site.

24  Although the USFS ultimately does address the issue of remedies, it first argues the court erred in

25           [1] After the commencement of this lawsuit, the NHPA was reorganized and recodified in
26  Title 54 of the United States Code, from 16 U.S.C. § 470 *et seq*.  Act of Dec. 19, 2014, Pub. L.
    No. 113-287, 128 Stat. 3094 (recodifying acts relating to the National Park Service into a new
27  title of the United States Code).  This order cites to the current statutes in Title 54, while mindful
    to apply the NHPA as it existed at the time of the USFS's decision making.
28

1    granting plaintiffs consulting party status.  Def.'s Remedies Brief ("Def.'s Brief"), ECF No. 150.

2    As a result, the USFS argues, plaintiffs were not entitled to consultation, and the court

3    erroneously found the USFS violated the NHPA and APA by not first consulting with plaintiffs

4    before issuing the cattle grazing permits.  Def.'s Brief at 4–6.  The court ordered the parties to

5    show cause why it should not construe defendant's brief as a motion for reconsideration, ECF No.

6    157, and the parties responded, ECF Nos. 158, 159.  In their response, plaintiffs contend the court

7    need not revisit its prior order because the USFS merely restates arguments previously made and

8    rejected.  Pls.' Response at 3, ECF No. 159.  Having considered the parties' responses, and for the

9    reasons stated below, the court elects to exercise its discretion and consider defendant's threshold

10   argument in its brief on remedies as a motion for reconsideration.  *See Barber v. State of Hawai'i*,

11   42 F.3d 1185, 1198 (9th Cir. 1994) (district courts have broad discretion under FRCP 60(b) to

12   reconsider decisions).

13   II.       DISCUSSION

14            A.       Motion for Reconsideration

15                     Under Federal Rule of Civil Procedure 60(b)(6), a party may seek relief from a

16   judgment or order for "any [ ] reason that justifies relief."  The Ninth Circuit has stated that Rule

17   60(b)(6) should be "liberally applied to accomplish justice."  *In re Int'l Fibercom, Inc.*, 503 F.3d

18   933, 941 (9th Cir. 2007) (quotations omitted).  At the same time, "[j]udgments are not often set

19   aside under Rule 60(b)(6)."  *Latshaw v. Trainer Wortham & Co.*, 452 F.3d 1097, 1103 (9th Cir.

20   2006).  Rather, this section should be applied "sparingly as an equitable remedy to prevent

21   manifest injustice," *Lal v. California*, 610 F.3d 518, 524 (9th Cir. 2010) (quoting *United States v.

22   Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993)), or to correct a clear error,

23   *Gagan v. Sharar*, 376 F.3d 987, 992 (9th Cir. 2004); *Barcellos & Wolfsen, Inc. v. Westlands

24   Water Dist.*, 849 F. Supp. 717, 728 (E.D. Cal. 1993), *aff'd sub nom. O'Neill v. United States*,

25   50 F.3d 677 (9th Cir. 1995).  Although the court construes defendant's brief on remedies as a

26   motion for reconsideration, the court also could *sua sponte* reconsider a final order under Rule

27   60(b) to correct its own mistakes.  *Kingvision Pay–Per–View Ltd. v. Lake Alice Bar*, 168 F.3d

28   /////

3

1  347, 351–52 (9th Cir. 1999); *Colmar v. Jackson Band of Miwuk Indians*, No. 09–0742, 2011 WL

2  2456628, at *2 (E.D.Cal. Jun. 15, 2011).

3        As explained below, the court concludes it erred in granting plaintiffs' consulting

4  party status.  Seeing as it would be manifestly unjust not to correct this error of law, the court

5  elects to do so now.

6        B.    Consulting Parties under the NHPA

7        Section 106 of the NHPA provides that a federal agency "shall take into account"

8  the effect of the issuance of a license, such as the cattle grazing permit at issue in this case, on any

9  historic property.  *See* 54 U.S.C. § 306108; *see also Muckleshoot Indian Tribe v. U.S. Forest

10 *Serv.*, 177 F.3d 800, 805 (9th Cir. 1999) ("Section 106 of NHPA is a "stop, look, and listen"

11 provision that requires each federal agency to consider the effects of its programs.").  To carry out

12 this broad purpose, the NHPA establishes the Advisory Council on Historic Preservation.  *See*

13 54 U.S.C. § 304101.  The Advisory Council has issued regulations to implement the NHPA, *see*

14 36 C.F.R. Part 800, and these regulations are binding on agencies, *Te-Moak Tribe of W. Shoshone*

15 *of Nevada v. U.S. Dep't of Interior*, 608 F.3d 592, 607 (9th Cir. 2010).  "These regulations require

16 that the relevant agency consult with a number of specified parties to identify historic properties,

17 assess the adverse effects that the proposed project would have on those properties, and 'seek

18 ways to avoid, minimize or mitigate any adverse effects.'"  *Mid States Coal. for Progress v.*

19 *Surface Transp. Bd.*, 345 F.3d 520, 553 (8th Cir. 2003) (quoting 36 C.F.R. § 800.1(a)); *accord*

20 *Muckleshoot Indian Tribe*, 177 F.3d at 805.

21       Federal agencies have a general duty under the Advisory Council regulations to

22 "provide the public with information about an undertaking and its effects on historic properties

23 and seek public comment and input."  36 C.F.R. § 800.2(d)(2).  Agencies also have a specific

24 duty to involve certain individuals and organizations, called "consulting parties," in the agency's

25 NHPA review.  *See* 36 C.F.R. § 800.3(f).  Specifically, an agency must invite as consulting

26 parties all state historic preservation officers, Indian tribes, local government representatives, and

27 the project applicant when these parties meet certain statutory criteria.  36 C.F.R. §§ 800.2(c)(1)–

28 (4), 800.3(f).  In addition to those entities enumerated in section 800.2(c) as consulting parties as

4

1   a matter of right, other "individuals and organizations with a demonstrated interest in the

2   undertaking may participate as consulting parties due to the nature of their legal or economic

3   relation to the undertaking . . . or their concern with the undertaking's effects on historic

4   properties," 36 C.F.R. § 800.2(c)(5), but only "if they request participation in writing and the

5   agency determines that they should be granted consulting party status," *Mid States Coal. for*

6   *Progress*, 345 F.3d at 553 (citing 36 C.F.R. § 800.3(f)(3)); *accord Neighborhood Ass'n of The*

7   *Back Bay, Inc. v. Fed. Transit Admin.*, 407 F. Supp. 2d 323, 334 (D. Mass. 2005), *aff'd*, 463 F.3d

8   50 (1st Cir. 2006).

9          In its prior order, this court found the Winnemen Wintu Tribe "ha[d] a sufficiently

10  demonstrated and documented interest in [the Coonrod site] . . . to give it consulting [party]

11  status . . . under either 36 C.F.R. § 800.2(c)(5) (demonstrated interest) or § 800.2(d) (the public)."

12  Order at 23.  Upon reconsideration, this finding was incorrect.  Under the Advisory Council's

13  regulations, the Winnemen Wintu Tribe, a non-federally recognized Indian tribe, is not

14  automatically entitled to consulting party status.  Instead, the Tribe "may" be eligible to

15  participate as a consulting party because it has a "demonstrated interest," 36 C.F.R. § 800.2(c)(5),

16  but first it must request consulting party status, in writing, from the agency, 36 C.F.R.

17  § 800.3(f)(3).  The agency must then determine whether or not to grant consulting party status.

18  *Id.*; *see also Mid States Coal. for Progress*, 345 F.3d at 553.  In this case, there is no indication

19  the Tribe requested consulting party status from the USFS, in writing or otherwise.  The Tribe is

20  therefore entitled only to general notice and comment, and to have its views considered, as a

21  member of the public.  *See* 36 C.F.R. § 800.2(d).

22         Having found the Tribe is not a consulting party by right, there is no evidence the

23  USFS violated the NHPA.  The record shows the USFS took into account the effects of issuance

24  of the cattle grazing permit on the Coonrod site, as is mandated by section 106 of the NHPA for

25  National Historical Places.  The record also shows the USFS completed its section 106 analysis in

26  2007, the same year the Coonrod site was designated a National Historic Place under the NHPA.

27  *See* AR 955–960.  In completing the section 106 analysis, the USFS explicitly discussed and took

28  /////

5

1   into account the cattle grazing permits at issue in this case.  *See* AR 961.  Nothing more is

2   required.

3   III.    <u>CONCLUSION</u>

4           Upon reconsideration, the court vacates its prior decision regarding plaintiffs' third

5   claim based on the NHPA and the Coonrod Cultural Site, and enters judgment as follows:

6           1.  The Winnemen Wintu Tribe's cross-motion for summary judgment on its third

7               claim regarding the Coonrod site is DENIED;

8           2.  The United States Forest Service's motion for summary judgment regarding

9               this claim is GRANTED; and

10          3.  The court's decision on the parties' other claims remains unchanged by the

11              issuance of this decision.

12          This case is CLOSED.

13          IT IS SO ORDERED.

14   DATED:  March 22, 2017.

15

16                                                  _____
                                                    UNITED STATES DISTRICT JUDGE
17

18

19

20

21

22

23

24

25

26

27

28

6